|   |   |
|---|---|
| UNITED STATES DISTRICT COURT | |
| WESTERN DISTRICT OF WASHINGTON | |
| AT TACOMA | |

Kurt R Madsen,

                Plaintiff,

    v.

United States of America et al,

                Defendants.

CASE NO. C17-5218 RBL-DWC

ORDER TO SHOW CAUSE

Plaintiff Kurt R. Madsen, proceeding *pro se* and *in forma pauperis*, filed this civil rights complaint under 42 U.S.C. § 1983. Having reviewed Plaintiff's Complaint, the Court declines to serve the Complaint but provides Plaintiff leave to file an amended pleading by June 2, 2017, to cure the deficiencies identified herein. The Court also denies Plaintiff's Motion for Service of Summons and Complaint (Dkt. 9).

# BACKGROUND

Plaintiff is currently housed at the Western State Hospital and alleges his constitutional rights have been violated during his involuntary commitment.[1] Dkt. 1, 7, 9.

On May 26, 2013, Plaintiff alleges he was released from his sentence which he was wrongfully convicted. *Id.* at 7. On July 29, 2014, Plaintiff alleges he was arrested on a warrant by the United States Marshals, which was a false claim Plaintiff had escaped from community custody. *Id.* at 7. Based on the proposed motion for injunction filed with Plaintiff's Complaint (Dkt. 1-3), it appears Plaintiff was charged with three counts of escape from community custody and then involuntarily committed to Western State Hospital as a pretrial detainee, awaiting trial. Dkt. 1-3 (King County Superior Court Order on Motion for Involuntary Medications).

Plaintiff alleges he was ordered to take an unknown medication by non-party Dr. Morrison. Dkt. 7 at 6. Plaintiff alleges Dr. Morrison is falsely claiming Plaintiff needs hospitalization. *Id.* at 7. On March 5, 2017, Plaintiff alleges he was strapped down to a bed and injected by an unknown substance for eight hours. *Id.* at 7. Since March 5, 2017, Plaintiff alleges he has had to take five milligrams of "Olanzapine." *Id.*

Plaintiff alleges he is being involuntarily medicated with "mind altering drugs" in amounts which exceed Federal Drug Administration approval. Dkt. 7 at 3. Plaintiff alleges that he was denied access to the website uscode.house.gov and access to a competent computer. Dkt. 7 at 1. Plaintiff alleges he defended himself from attack with his bare hands. *Id.* at 5-8.

Plaintiff seeks injunctive relief and monetary damages. Dkt. 7 at 8.

---

[1] Plaintiff seeks to bring this action on his behalf, and on behalf of "other similarly situated citizens of the United States of America." Dkt. 7. While *pro se* plaintiffs may appear on their own behalf, they may not represent other individuals. *See Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962) (holding that "a litigant appearing in propria persona has no authority to represent anyone other than himself"). Thus, Plaintiff may not proceed in this action on behalf of any other citizens.

## DISCUSSION

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).[2] The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

Where, as here, exhibits are attached to a complaint, the exhibits are deemed part of the complaint for all purposes, including for purposes of determining the sufficiency of the plaintiff's claims. *See* Fed.R.Civ.P. 10(c); 5A Wright & Miller, *Federal Practice and Procedure: Civil 3d* § 1327, at 443-44 (2002). Moreover, if an exhibit attached to a complaint contradicts an assertion in the complaint and reveals information that prohibits recovery as a matter of law, the information provided in the exhibit supersedes the allegation in the complaint. *Wilson v. Fitter*,

---

[2] The Court notes although Plaintiff is currently housed at Western State Hospital, he is currently committed as a pre-trial detainee, thus, § 1915 applies in this case.

2009 WL 6908049, at *2 (C.D. Cal. Nov. 5, 2009) *report and recommendation adopted,* 2010 WL 3893992 (C.D. Cal. Sept. 30, 2010) (citing *Riggins v. Walter,* 279 F.3d 422, 425-26 (7th Cir. 1995) (affirming dismissal of prisoner's § 1983 claims where information in attached exhibit contradicted allegation of complaint); *Hudson v. Phillipson,* 2008 WL 356884, *3 (W.D.Mich. Feb.7, 2008) (dismissing prisoner's § 1983 claims where information in attached exhibits conflicted with allegations of complaint)).

**1. Improper Defendant**

Upon review of Plaintiff's Complaint, it does not appear he has named a viable defendant. Certain persons and entities are not subject to suit under 42 U.S.C. § 1983. This includes Defendant State of Washington. States are not persons for purposes of § 1983. *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Doe v. Lawrence Livermore Nat'l Lab.*, 131 F.3d 836, 839 (9th Cir. 1997); *Hale v. Arizona*, 993 F.2d 1387, 1398 (9th Cir. 1993) (en banc); *Gilbreath v. Cutter Biological, Inc.*, 931 F.2d 1320, 1327 (9th Cir. 1991). *See Jackson v. Arizona*, 885 F.2d 639, 641 (9th Cir. 1989), *superseded by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). Therefore, any claims against the State of Washington are subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B) unless Plaintiff can show cause why they should not be dismissed.

In addition, Plaintiff names the United States of America as a Defendant. Dkt. 7. The basis for Plaintiff's allegations against the United States are unclear. However, *Bivens* actions do not lie against the United States, agencies of the United States, or federal agents in their official capacity. *See FDIC v. Meyer*, 510 U.S. 471, 486 (1994); *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). And while the Federal Tort Claim Act

allows federal inmates to sue the United States for injuries sustained while incarcerated, *see* 28 U.S.C. § 2674, Plaintiff is currently housed at Western State Hospital, a facility run by the State of Washington, and he alleges no facts supporting a claim against the United States in this context. Therefore, any claims against the United States are subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B) unless Plaintiff can show cause why they should not be dismissed.

Assuming Plaintiff wishes to pursue this lawsuit against particular individuals, he must allege facts showing how the particular individual or individuals caused or personally participated in causing a deprivation of a particular protected constitutional right. In other words, he must state what occurred, when it occurred, who was involved, and how he was harmed.

**2. Involuntary Commitment and Medication**

To the extent Plaintiff is alleging the administration of involuntary medication violates his rights under the Eighth Amendment, an inmate must allege facts sufficient to indicate a culpable state of mind on the part of prison officials. *Wilson v. Seiter,* 501 U.S. 294, 297–99 (1991). Accordingly, neither a difference of opinion about the proper course of treatment nor a dispute between a prisoner and prison officials over the necessity for or extent of medical treatment amounts to deliberate indifference. *See, e.g., Toguchi v. Chung,* 391 F.3d 1051, 1058 (9th Cir. 2004); *Sanchez v. Vild,* 891 F.2d 240, 242 (9th Cir. 1989). Here, Plaintiff has not alleged a single fact to demonstrate any individual acted with the requisite "culpable state of mind," nor has he provided sufficient facts regarding the inadequacy of his treatment. Instead, Plaintiff alleges that the treatment was involuntary rather than inadequate. Therefore, Plaintiff's claim is more appropriately analyzed under the Fourteenth Amendment's Due Process Clause. In addition, to the extent Plaintiff is attempts to obtain a writ in this Court to compel the state court to take or refrain from some action, his claim is frivolous as a matter of law. This Court lacks

jurisdiction to issue a writ of mandamus to a state court. *Demos v. United States Dist. Court for E. Dist. Of Wash.*, 925 F.2d 1160, 1161 (9th Cir. 1991); *See* 28 U.S.C. § 1651.

With respect to Plaintiff's claims of involuntary commitment and medication, the Supreme Court has recognized inmates possess "a significant liberty interest in avoiding the unwanted administration of antipsychotic drugs under the Due Process Clause of the Fourteenth Amendment." *Washington v. Harper,* 494 U.S. 210, 221-222 (1990). Substantive due process is satisfied and a state may treat an inmate who has a serious mental illness with involuntary psychotropic medication if the inmate is dangerous to himself or others and the treatment is in the inmate's medical interest. *Id.* at 227. In the context of involuntary medication, procedural due process is satisfied if the inmate is provided with notice, the right to be present at an adversarial hearing, and the right to present and cross-examine witnesses. *Id.* at 235. Appointment of counsel is not required because a lay advisor who understands the psychiatric issues involved sufficiently protects an inmate's due process rights. *Id.* at 236.

Here, Plaintiff alleges no facts showing he is not mentally ill, medication is not in his best interests or he was not a danger to others or himself. In addition, the documents attached to Plaintiff's Complaint show on February 24, 2017,[3] the King County Superior Court entered an Order on Motion for Involuntary Medications. Dkt. 1-3. Based on the report of Western State Hospital, the testimony of Dr. Morrison, and arguments of counsel, involuntary medication would significantly further the state interest of the need to bring Plaintiff to trial for three counts of escape from community custody. *See id.* Based on the testimony for Dr. Morrison, the State Court found administration of involuntary Zyprexa and/or Risperdal was medically appropriate and in Plaintiff's best interest. *Id.*

---

[3] The Court notes the state court Order is actually dated February 26, 2016, however, the Order states Plaintiff was examined on January 31, 2017, thus it appears the 2016 date is a typographical error in the form order.

If Plaintiff wishes to proceed on this claim, he must show he is not dangerous to himself or others and the treatment is not in his best interest. In addition, Plaintiff must allege facts, if any, showing how procedural due process was not satisfied in the State Court proceeding, as the documents attached to his Complaint show he was afforded with notice and a hearing.

**3. Safety**

Plaintiff alleges he defended himself from attack with his bare hands. Dkt. 7 at 5-8. "Prison officials have a duty to take reasonable steps to protect inmates from physical abuse." *Hoptowit v. Ray*, 682 F.2d 1237, 1250 (9th Cir. 1982); *see also Farmer v. Brennan*, 511 U.S. 825, 833 (1994); *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005); *Robinson v. Prunty*, 249 F.3d 862, 866 (9th Cir. 2001). To establish a violation of this duty, the prisoner must establish that prison officials were "deliberately indifferen[t]" to serious threats to the inmate's safety. *See Farmer*, 511 U.S. at 834.

To demonstrate that a prison official was deliberately indifferent to a serious threat to the inmate's safety, the prisoner must show that "the official [knew] of and disregard[ed] an excessive risk to inmate . . . safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [the official] must also draw the inference." *Farmer*, 511 U.S. at 837; *see also Simmons v. Navajo County,* 609 F.3d 1011, 1017 (9th Cir. 2010); *Gibson v. County of Washoe, Nev.*, 290 F.3d 1175, 1187-88 (9th Cir. 2002); *Jeffers v. Gomez*, 267 F.3d 895, 913 (9th Cir. 2001) (per curiam); *Anderson v. County of Kern*, 45 F.3d 1310, 1313 (9th Cir. 1995). To prove knowledge of the risk, however, the prisoner may rely on circumstantial evidence; in fact, the very obviousness of the risk may be sufficient to establish knowledge. *See Farmer*, 511 U.S. at 842; *Wallis v. Baldwin*, 70 F.3d 1074, 1077 (9th Cir. 1995).

Here, Plaintiff fails to identify who harmed him and how Defendants failed to protect him from this harm. If Plaintiff wishes to pursue this claim, he must provide an amended complaint with a short, plain statement explaining exactly how he was harmed and how each Defendant's actions constituted deliberate indifference.

**4. Access to Courts**

Plaintiff alleges he was denied access to a computer and to a website containing United States statutes. Dkt. 7. Inmates have a "fundamental constitutional right of access to the courts." *Bounds v. Smith*, 430 U.S. 817, 828 (1977). In *Bounds,* the Supreme Court held the right of access imposes an affirmative duty on prison officials to assist inmates in preparing and filing legal papers, either by establishing an adequate law library or by providing adequate assistance from persons trained in the law. *Id.* at 828. In *Lewis v. Casey*, 518 U.S. 343 (1996), the Supreme Court held a prisoner must show some actual injury resulting from a denial of access in order to allege a constitutional violation. *Id*. at 349.

To establish he suffered an actual injury, plaintiff must show "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Lewis*, 518 U.S. at 348; *Christopher v. Harbury*, 536 U.S. 403, 415, (2002); *Nevada Dep't of Corr. v. Greene*, 648 F.3d 1014, 1018 (9th Cir. 2011); *Phillips v. Hurst*, 588 F.3d 652, 655 (9th Cir. 2009). The right of access to the courts is limited to non-frivolous direct criminal appeals, habeas corpus proceedings, and Section 1983 cases. *See Lewis*, 518 U.S. at 353 n. 3, 354-55. "Failure to show that a 'nonfrivolous legal claim has been frustrated' is fatal to [an access to courts] claim." *Alvarez v. Hill*, 518 F.3d 1152, 1155 n. 1 (9th Cir. 2008) (*quoting Lewis*, 518 U.S. at 353 & n. 4).

Plaintiff fails to identify who denied him access to a computer and how this access has caused him harm. Dkt. 7 at 1-2. If Plaintiff wishes to pursue an access to courts claim, he must

provide an amended complaint with a short, plain statement explaining exactly how he was denied access to the courts and how each Defendant's actions violated Plaintiff's constitutional rights.

**5. Fourth and Sixth Amendments**

Plaintiff alleges Defendants violated the Fourth Amendment when they entered arrest warrants. Dkt. 7 at 2, 4. Plaintiff alleges Defendants violated the Sixth Amendment when he was not provided with effective assistance of counsel. Dkt. 7 at 6.

A plaintiff may only recover damages under § 1983 for harm caused by actions whose unlawfulness would render the imprisonment invalid, if he can prove the conviction or other basis for confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S 477, 486-87 (1994). A "§ 1983 action is barred (absent prior invalidation) –no matter the relief sought (damages or equitable relief), no matter the target of his suit (state conduct leading to the conviction or internal prison proceedings) –*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (emphasis in original).

As Plaintiff's allegations amount to an attack on the constitutional validity of an underlying conviction, it may not be maintained pursuant to §1983 unless he can show the conviction has been invalidated. *See Heck*, 512 U.S. at 486-87; *Ramirez v. Galaza*, 334 F.3d 850, 855-56 (9th Cir. 2003). Plaintiff does not allege his conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. Therefore, Plaintiff must also show cause why the Complaint should not be dismissed as *Heck*

barred. Therefore, these claims are subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B) unless Plaintiff can show cause why they should not be dismissed.

**6. 18 U.S.C. §§ 241 and 242; 18 U.S.C. § 1859**

Plaintiff alleges Defendants refused to enforce 18 U.S.C. § 1859 and 18 U.S.C. § 241-242. Titles 18 U.S.C. §§ 241, 242, and 1859 are criminal or jurisdictional statutes that provide no private right of action. *Aldabe v. Aldabe,* 616 F.2d 1089, 1092 (9th Cir.1980). Only a federal grand jury or United States attorney may initiate such criminal charges. *See Williams v. Washington*, 2008 WL 65417, at *1 (E.D. Wash. Jan. 4, 2008). Section 1983 can be used as a mechanism for enforcing the rights guaranteed by a particular federal statute only if (1) the statute creates enforceable rights and (2) Congress has not foreclosed the possibility of a § 1983 remedy for violations of the statute in question. *Blessing v. Freestone,* 520 U.S. 329, 340–41 (1997); *Dittman v. California,* 191 F.3d 1020, 1027–28 (9th Cir.1999). Plaintiff fails to allege facts to show that either of these two requirements is met. Therefore, these claims are subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B) unless Plaintiff can show cause why they should not be dismissed.

**7. Articles 1, 2, 3 and 4 of the United States Constitution**

Plaintiff alleges Defendants have failed to enforce Articles 1, 2, 3 and 4 of the United States Constitution. Dkt. 7. Plaintiff alleges no facts in support of this allegation and fails to demonstrate he has a private civil cause of action based on Articles 1, 2, 3 and 4 of the United States Constitution. Therefore, these claims are subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B) unless Plaintiff can show cause why they should not be dismissed.

### 8. Additional Claims

Plaintiff alleges Defendants have allowed an alliance with the International Brotherhood of Teamsters Local 117 to overthrow the legal subdivision of King County. Dkt. 7 at 5, 6, 8. Plaintiff also alleges his rights under the Fifth and Thirteenth Amendments[4] have been violated. Dkt. 7. However, Plaintiff alleges no facts in support of these allegations.

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, "the complaint [must provide] 'the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests.'" *Kimes v. Stone* 84 F.3d 1121, 1129 (9th Cir. 1996) (citations omitted). In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

To avoid dismissal for failure to state a claim, Plaintiff must include more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of

---

[4] To the extent Plaintiff is alleging his rights under the Thirteenth Amendment have been violated because he has been forced to work at a prison facility at some point in the past, the Thirteenth Amendment does not apply where prisoners are required to work in accordance with prison rules. *Draper v. Rhay,* 315 F.2d 193, 197 (9th Cir.), *cert. denied,* 375 U.S. 915 (1963); *see also Pischke v. Litscher,* 178 F.3d 497, 500 (7th Cir.1999) ( "The Thirteenth Amendment, which forbids involuntary servitude, has an express exception for persons imprisoned pursuant to conviction for crime."). Moreover, the Thirteenth Amendment contemplates involuntary servitude by prisoners even where the prisoner is not sentenced to hard labor. *See Ali v. Johnson,* 259 F.3d 317, 318 (5th Cir.2001); *Murray v. Miss. Dep't of Corr.,* 911 F.2d 1167, 1167-68 (5th Cir.1990); *Wendt v. Lynaugh,* 841 F.2d 619, 620-21 (5th Cir.1988); *see also Stiltner v. Rhay,* 322 F.2d 314, 315 (9th Cir.1963) ( "There is no federally protected right of a state prisoner not to work while imprisoned after conviction, even though that conviction is being appealed."). Therefore, this claim is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B).

action." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555-557, 127 S.Ct. 1955, 167 L.Ed.Ed. 929 (2007). A claim upon which the court can grant relief has facial plausibility; in other words, a claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 129 S.Ct. at 1949.

Here, Plaintiff's Complaint lacks any facts to support these claims. He does not state when, where, or who was involved in any actions, or how his constitutional rights were harmed. Plaintiff has failed to identify a right, privilege, or immunity secured by the Constitution or laws of the United States which has been violated or a person acting under color of state law who allegedly violated his constitutional rights. If Plaintiff wishes to pursue these claim, he must provide an amended complaint with a short, plain statement providing specific facts showing how Defendants violated Plaintiff's constitutional rights.

**9. Instruction to Plaintiff and the Clerk**

If Plaintiff intends to pursue a § 1983 civil rights action in this Court, he must file an amended complaint and within the amended complaint, he must write a short, plain statement telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual is connected to the violation of Plaintiff's constitutional rights; and (5) what specific injury Plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976).

Plaintiff shall present the amended complaint on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of

the original complaint by reference. The amended complaint will act as a complete substitute for the original Complaint, and not as a supplement. The Court will screen the amended complaint to determine whether it contains factual allegations linking each defendant to the alleged violations of Plaintiff's rights. The Court will not authorize service of the amended complaint on any defendant who is not specifically linked to a violation of Plaintiff's rights.

If Plaintiff fails to file an amended complaint or fails to adequately address the issues raised herein on or before June 2, 2017, the undersigned will recommend dismissal of this action.

Dated this 2nd day of May, 2017.

/s/ David W. Christel
David W. Christel
United States Magistrate Judge